UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ANGELA GARCIA ] | |
|     Petitioner, ] | |
| ] | |
| v. ] | No. 3:13-1308 |
| ] | Judge Trauger |
| UNITED STATES OF AMERICA ] | |
|     Respondent. ] | |

### M E M O R A N D U M

The petitioner, proceeding *pro se*, is an inmate at the Federal Correctional Facility in Bruceton Mills, West Virginia. She brings this action pursuant to 28 U.S.C. § 2255 against the United States, asking the Court to vacate, set aside or correct her sentence.

In September, 2012, pursuant to a binding plea agreement, the petitioner pled guilty to conspiring to engage in money laundering. 18 U.S.C. § 1956(h). For this crime, she received a sentence of one hundred twenty (120) months in prison, to be followed by three years of supervised release. United States of America v. Angela Marie Garcia, Criminal No. 3:10-00215-7 (M.D. Tenn.), at Docket Entry No.422.

Having pled guilty, there was no direct appeal of the conviction taken by the petitioner. Instead, on November 25, 2013, she filed the instant § 2255 motion (Docket Entry No.1). In the

1

motion, the petitioner alleges that the decision rendered in Alleyne v. United States, 133 S.Ct. 2151 (2013), entitles her to relief.

After a preliminary review of the motion, an order (Docket Entry No.2) was entered directing the United States Attorney for this judicial district to file an answer, plead or otherwise respond to the motion. Rule 4(b), Rules - - § 2255 Cases.

Presently before the Court is the government's Response (Docket Entry No.15) in opposition to the petitioner's motion. Upon consideration of petitioner's motion and the government's Response, it appears that an evidentiary hearing is not needed in this matter. *See* Smith v. United States of America, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief). Therefore, the Court shall dispose of the motion as the law and justice require. Rule 8(a), Rules - - - § 2255 Cases.

In Alleyne, the Supreme Court held that "any fact that increases the mandatory minimum is an element that must be submitted to the jury." Alleyne, *supra* at pgs.2158-63. The statute under which the petitioner was convicted carries a mandatory maximum sentence of one hundred twenty (120) months, but has no mandatory minimum sentence. Thus, Alleyne has no application in this instance. In any event, Alleyne was decided after the petitioner's conviction became final and does not apply

2

retroactively to cases on collateral review.[1] In re Payne, 733 F.3d 1027 (10th Cir.2013); Simpson v. United States, 721 F.3d 875 (7th Cir.2013).

Accordingly, the Court finds that the petitioner's motion lacks merit and shall be denied.

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge

---

[1] Judgment was entered against the petitioner on February 7, 2013. United States of America v. Angela Marie Garcia, *supra* at Docket Entry No.422. In the absence of an appeal, the conviction became final fourteen (14) days later, on February 21,2013. Rule 4(b), Fed.R.App.P. The Alleyne decision was handed down on June 17,2013.